UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. TOPPING,                           Case No. 14-cv-14011

          Plaintiff,                    George Caram Steeh
v.                                            United States District Judge

COMMISSIONER OF SOCIAL SECURITY,              Stephanie Dawkins Davis
                                              United States Magistrate Judge
          Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 15)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On October 17, 2014, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). This matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claims for a period of disability and disability insurance benefits. (Dkt. 3).[1] This matter is before the Court on cross-motions for summary judgment. (Dkt. 14, 15). Plaintiff also filed a reply brief in support of his motion for summary judgment. (Dkt. 16). These motions are now

_____

[1] This matter was initially referred to Magistrate Judge Michael Hluchaniuk but was reassigned to the undersigned pursuant to Administrative Order. (*See* Text-Only Order dated January 5, 2016).

ready for report and recommendation.

      B.    <u>Administrative Proceedings</u>

      Plaintiff filed the instant claim for disability insurance benefits on January 20, 2012, alleging disability beginning April 13, 2011.  (Dkt. 11-2, Pg ID 47). Plaintiff's claims were initially denied by the Commissioner on May 4, 2012.  *Id.* Plaintiff requested a hearing and on October 11, 2012, plaintiff testified before Administrative Law Judge ("ALJ") Timothy C. Scallen who considered the case *de novo*.  (Dkt. 11-2, Pg ID 60-97).  In a decision dated August 28, 2013, the ALJ found that plaintiff was not disabled.  (Dkt. 11-2, Pg ID 47-56).  Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on August 23, 2014, denied plaintiff's request for review.  (Dkt. 11-2, Pg ID 36-39); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

      For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion for summary judgment be **DENIED**, that the findings of the Commissioner be **REVERSED**, and this matter be **REMANDED** for further proceedings under Sentence Four.

## II.   FACTUAL BACKGROUND

### A.   <u>ALJ Findings</u>

Plaintiff was born in 1985 and was 25 years old on the alleged disability

onset date.  (Dkt. 11-2, Pg ID 54).  Plaintiff had past relevant work as a sign

installer, kitchen worker, dining room attendant, grocery bagger, stock clerk, and

military.  *Id*.  The ALJ applied the five-step disability analysis to plaintiff's claims

and found at step one that plaintiff had not engaged in substantial gainful activity

since April 13, 2011, the alleged onset date.  (Dkt. 11-2, Pg ID 49).  At step two,

the ALJ found that plaintiff had the following severe impairments: low back

pain/disorder; obstructive sleep apnea; depressive disorder NOS; anxiety disorder;

post-traumatic stress disorder.  *Id*.  At step three, the ALJ found no evidence that

plaintiff's combination of impairments met or equaled one of the listings in the

regulations.  *Id*.

The ALJ determined that plaintiff had the residual functional capacity

(RFC) to perform light work, with the following limitations:

> occasional use of stairs, ramps, ropes, or ladders stairs;
> occasional stooping, kneeling, crouching, and crawling;
> only simple, routine tasks; no contact with the general
> public; and only incidental contact with co-workers.

(Dkt. 11-2, Pg ID 52).  At step four, the ALJ found that plaintiff could not perform

any of his past relevant work.  (Dkt. 11-2, Pg ID 54).  However, the ALJ

3

determined that, considering plaintiff's age, education, experience, and RFC, there were jobs that exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had not been under a disability from the alleged onset date through the date of the decision.  (Dkt. 11-2, Pg ID 55).

      B.    <u>Plaintiff's Claims of Error</u>

Plaintiff argues that the ALJ's decision of non-disability is not supported by substantial evidence because the ALJ erroneously evaluated the opinion of consultive examiner, Dr. Terrance Mills.  (Dkt. 14, Pg ID 866).  Initially, plaintiff argues that the ALJ erred by evaluating the opinion of a Dr. Cohn, when the case record reveals no opinion or evaluation of plaintiff by a Dr. Cohn.  *Id*. Acknowledging that the ALJ may have simply misstated the name of the consultive examiner when attempting to refer to the opinion of Dr. Mills (in his discussion of the opinion, the ALJ cites to Exhibit 9F, which contains the report of Dr. Mills), plaintiff suggests that the ALJ could have been referencing the opinion of consulting examiner, Sandra Coutu, LLP, whose report is also contained in the exhibit cited by the ALJ.  (Dkt. 14, Pg ID 867).  Plaintiff argues that this ambiguity alone renders the ALJ's disability determination unsupported by substantial evidence.  *Id*.

Plaintiff further contends that, even assuming arguendo that the ALJ was relying on  Dr. Mill's assessment when he refers to Dr. Cohn's assessment, the

ALJ failed to properly consider the entirety of Dr. Mills' opinion evidence. *Id*. Despite assigning great weight to Dr. Cohn's (Dr. Mills') assessment, plaintiff points out that the ALJ ignores the assessment's specific indication that plaintiff would have difficulty maintaining safety standards and work routines and would have difficulties with social interactions and responding appropriately to changes to work routine due to his current mental status. *Id*. Plaintiff also contends that the ALJ ignored the assessment's specific notation of plaintiff's poor concentration and thus erred in not including any concentrational limitations in the RFC assessment. (Dkt. 14, Pg ID 868). Plaintiff argues that the ALJ's failure to explain his reasons for accepting some, but not all of the limitations set forth in the assessment to which he assigned great weight requires remand because the decision does not provide an adequate path of reasoning to permit appropriate judicial review and demonstrates improper cherry-picking. *Id*.

Plaintiff asserts that the ALJ erred by failing to properly account for plaintiff's moderate limitations in concentration, persistence and pace ("CPP") in his RFC and the corresponding hypothetical presented to the vocational expert ("VE"). (Dkt. 14, Pg ID 869). The ALJ determined that plaintiff had "moderate" limitations in maintaining CPP, i.e., that plaintiff was moderately impaired in his "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings,"

5

20 C.F.R. pt. 404, subpt. P, app'x, §12.00(C)(3); however, in formulation of his RFC assessment and hypothetical questions to the VE, the ALJ failed to include limitations that were specific to the CPP limitations he had previously assessed. (Dkt. 11-2, Pg ID 52).  Instead, the ALJ's non-exertional restrictions only limited plaintiff to "simple, routine tasks; no contact with the general public; and only incidental contact with coworkers."  *Id*.  Plaintiff contends that these limitations do not accurately portray his mental impairments and thus cannot serve as substantial evidence in support of the conclusion that plaintiff can perform other work.  (Dkt. 14, Pg ID 869).

Plaintiff urges that the ALJ erred by failing to consider the Department of Veterans Affairs (VA)'s disability determination.  (Dkt. 14, Pg ID 872).  Although it is well-settled that disability decisions by any other governmental agencies, such as the VA, are based on that agency's rules and are not binding on the Administration, plaintiff argues that disability decisions made by any other governmental agency are evidence that adjudicators must consider.  *Id*. (citing 20 C.F.R. § 404.1504; 20 C.F.R. § 404.1512(b)(5)).  Furthermore, according to plaintiff, when making a determination, adjudicators should explain the consideration they give to evidence in the record of another agency's disability decision.  *See* SSR 06-03p.  Plaintiff argues that the ALJ erred by failing to reference or analyze the VA rating decision of 90% disabled (70% due to mental

6

health limitations) in his determination and that this case should be remanded for proper consideration of this evidence on that basis.

Finally, plaintiff asserts that the ALJ erred by failing to properly evaluate plaintiff's credibility under Social Security Ruling (SSR) 96-7p.  (Dkt. 14, Pg ID 873).  Specifically, plaintiff contends that the ALJ failed to set forth sufficiently specific reasons as to why he found plaintiff's testimony and statements not credible; making only a brief summary of Plaintiff's testimony.  (Dkt. 14, Pg ID 874).  According to plaintiff, the only support the ALJ offered was a conclusory statement that "[t]he objective medical evidence does not fully corroborate the claimant's testimony regarding the extent of his limitations."  *Id.* (citing Dkt. 11-2, Pg ID 52-53).  Plaintiff asserts that this vague reasoning cannot be said to be supported by substantial evidence for multiple reasons.

First, the ALJ fails to even identify *which* objective evidence plaintiff's statements are inconsistent with and does not provide any analysis whatsoever linking plaintiff's statements to the medical evidence.  (Dkt. 14, Pg ID 874-75).  Second, plaintiff's disability is largely psychological in nature, which is not demonstrated through objective testing.  As the record reflects, psychological conditions are assessed through subjective reports and clinical assessments and evaluations.  The ALJ does not consider this evidence as part of his credibility determination.  (Dkt. 14, Pg ID 875).  Although the ALJ purports to rely on

plaintiff's testimony that he "is able to care for his personal needs, care for his 3 year old son, perform household chores, grocery shop, and drive." (Dkt. 11-2, Pg ID 50), plaintiff asserts that a proper review of his testimony reveals that he testified much differently than the ALJ portrays in his decision. (Dkt. 14, Pg ID 875). Namely, plaintiff emphasizes his testimony that his medications cause him to be drowsy and "loopy," that his roommate does most of the household chores, such as cooking, laundry, and grocery shopping and that he experiences anger and depression, along with anxiety attacks. *Id.* He testified about how "messed up" his life is, and that he does not leave his house very much or interact with anyone, that he has not "been able to get up the nerve to go movies, bars, or anything like that." *Id.* He explained that he feels paranoid around groups of people, that he has felt the urge to check rooms in other peoples' homes, that he has difficulty concentrating and focusing due to his psychological conditions, and has flashbacks and nightmares of being in a fire fight, or dealing with stressful military situations. (Dkt. 14, Pg ID 876). Plaintiff also cites his testimony that he has custody of his young son because the State of Michigan had declared his ex-wife as unfit, due to problems with drugs, fraud, and neglect, and that he receives help with his son from his father and step-mother. *Id.*

In sum, plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence, made with a very brief summary discussion of

8

plaintiff's testimony, and lacks compliance with Social Security's own rulings and regulations; as a result, remand is required.

      C.    <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner responsively argues that the ALJ properly considered the consultive examiner's opinion.  First, the Commissioner contends that the ALJ clearly reviewed and analyzed Dr. Mill's opinion and the incorrect references to Dr. Cohn were merely harmless scrivener errors because the ALJ correctly cited to Dr. Mill's opinion and accurately described its contents.  (Dkt. 15, Pg ID 892). Substantively, the Commissioner argues that the ALJ properly evaluated Dr. Mills' opinion.  The Commissioner notes that the ALJ assigned the opinion great weight, rather than adopting it, and thus was justified in accepting some, but not all of the limitations set forth in the opinion in the RFC.  (Dkt. 15, Pg ID 893). The Commissioner argues that the ALJ correctly noted that plaintiff's activities of daily living belied some of the limitations assessed by Dr. Mills and thus were appropriately discounted in constructing the RFC.  *Id*.

The Commissioner also contends that the ALJ properly accounted for plaintiff's concentration deficit in the RFC. The Commissioner maintains that, under recent district precedent and contrary to plaintiff's argument, a restriction to simple, unskilled work adequately addresses moderate concentration difficulties. (Dkt. 15, Pg ID 895).

The Commissioner contradicts plaintiff's argument that the ALJ failed to consider the VA's award of disability benefits to plaintiff, noting that the ALJ specifically references the VA award in the decision. (Dkt. 15, Pg ID 896-97). Moreover, the Commissioner emphasizes that the VA disability determination differs significantly from the Social Security disability determination. (Dkt. 15, Pg ID 897). According to the Commissioner, VA disability accounts for deficits in both work and non-work related functioning and is based on the average impairment to earning capacity resulting from the pertinent conditions or injuries. By contrast, Social Security disability is based exclusively on an individual's ability to work in existing jobs in the national economy. *Id.* The Commissioner argues that these differing standards limit the relevance one determination has to the other. *Id.* The Commissioner illustrates this argument by noting that the VA based its disability determination on plaintiff's mild degenerative disc disease and lumbar strain, sleep apnea, limited range of wrist motion, and acne, as well as his mood disorder and PTSD, and specifically determined that only his back and mental conditions had any impact on his ability to work. (Dkt. 15, Pg ID 898). Accordingly, the Commissioner concludes that the ALJ properly considered plaintiff's VA disability award in his disability determination.

Finally, the Commissioner argues that substantial evidence supports the ALJ's credibility determination of the plaintiff. *Id.* First, an ALJ's credibility

determinations are afforded great weight.  *Id.*  The Commissioner further contends that consistency, internal and with the case record as a whole, is a strong indication of credibility and that the ALJ cited inconsistencies in plaintiff's testimony and the record evidence sufficient to support his finding of plaintiff being less than fully credible.  *Id.*

D.    <u>Plaintiff's Reply</u>

In his reply, plaintiff asserts that the ALJ impermissibly ignored evidence that did not support his RFC and reiterates that the ALJ's disability determination was based on a cherry-picked record, not supported by substantial evidence and must be remanded for proper evaluation.  (Dkt. 16, Pg ID 906-07).

Plaintiff also reiterates his arguments that:  the ALJ's RFC and the hypothetical questions posed to the VE do not accurately portray plaintiff's moderate limitations with concentration, persistence and pace and thus do not support the non-disability determination, and; the ALJ did not properly consider the plaintiff's disability determination by the VA, specifically that he was 70% disabled by his mental health impairments alone, and that this is not harmless error because if accorded proper weight, this evidence could change the determination. (Dkt. 16, Pg ID 907-08).

Plaintiff argues that the Commissioner's arguments to support the ALJ's credibility assessment are post-hoc rationalizations which represent the defense

counsel's rationale rather than that of the ALJ; the ALJ's underlying credibility

assessment is not supported by substantial evidence and thus justifies remand.

(Dkt. 16, Pg ID 909).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial

determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is

not found during this administrative review process, the claimant may file an

action in federal district court.  *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.

1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

12

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.*

*Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with

observing the claimant's demeanor and credibility.") (quotation marks omitted);

*Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is

appropriate where an ALJ finds contradictions among medical reports, claimant's

testimony, and other evidence."). "However, the ALJ is not free to make

credibility determinations based solely upon an 'intangible or intuitive notion

about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec.

Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc.*

14

*Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.    Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

15

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do
> basic work activities," benefits are denied without
> further analysis.
>
> Step Three:  If plaintiff is not performing substantial
> gainful activity, has a severe impairment that is expected
> to last for at least twelve months, and the severe
> impairment meets or equals one of the impairments listed
> in the regulations, the claimant is conclusively presumed
> to be disabled regardless of age, education or work
> experience.
>
> Step Four:  If the claimant is able to perform his or her
> past relevant work, benefits are denied without further
> analysis.
>
> Step Five: Even if the claimant is unable to perform his

16

> or her past relevant work, if other work exists in the
> national economy that plaintiff can perform, in view of
> his or her age, education, and work experience, benefits
> are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

17

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

    C.    <u>Analysis and Conclusion</u>

An ALJ is required to evaluate every medical opinion of record, and set

forth a valid basis for rejecting any.  20 C.F.R. §404.1527; *see Shelman v. Heckler*,

821 F.2d 316, 321 (6th Cir. 1987).  The Commissioner may not disregard opinions

of a consulting physician which are favorable to a claimant.  *See Lashley v. Sec'y*,

708 F.2d 1048, 1054 (6th Cir. 1983).  While the responsibility for determining a

claimant's residual functional capacity resides with the ALJ, *see* 20 C.F.R.

§§ 404.1546(c), 416.946, "an ALJ nonetheless cannot substitute his 'medical'

opinion for that of a treating or examining doctor."  *Fleischer v. Astrue*, 774 F.

Supp. 2d 875, 881 (N.D. Ohio 2011) (quoting *Potter v. Astrue*, 2010 WL 2679754

at *11 (S.D. Ohio June 2, 2010)).  In rendering his decision, the ALJ must give

some indication of the evidence upon which he is relying, and he may not ignore

evidence that does not support his decision, especially when that evidence, if

accepted, would change his analysis.  *Id*. (citing *Bryan v. Comm'r of Soc. Sec.*, 383

Fed.Appx. 140, 148 (3d Cir. 2010)).  "The ALJ has an obligation to 'consider all

evidence before him' when he 'mak[es] a residual functional capacity

determination,' and must also 'mention or refute [...] contradictory, objective

medical evidence' presented to him."  *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d

18

112, 121 (3d Cir. 2000); *see also* SSR 96-8p, at *7 ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

In the case at bar, consulting examiner Dr. Terrance Mills determined in his Psychological Assessment that plaintiff suffers from PTSD, generalized anxiety disorder, depression, an Impulse Control Disorder and possibly Intermittent Explosive Disorder. (Dkt. 11-9, Pg ID 837-38). Dr. Mills observed that plaintiff did not have difficulty carrying out one-step instructions, but he demonstrated poor concentration, was easily distracted, and was noted to jump from topic to topic. *Id.* Dr. Mills' colleague, Sandra Coutu, MA, a limited license psychologist who cosigned the assessment and signed the Medical Source Statement included therein, likewise observed that plaintiff became confused if asked to respond to more than one question. (Dkt. 11-9, Pg ID 843). Dr. Mills noted throughout the report that plaintiff was anxious, constantly shaking his leg or foot. *Id*. Dr. Mills also noted that plaintiff exhibited pressured, circumstantial speech. (Dkt. 11-9, Pg ID 835). Based on his examination of plaintiff, Dr. Mills opined that plaintiff would have difficulty maintaining safety standards and work routines due to his mental illness. (Dkt. 11-9, Pg ID 838). He further opined that plaintiff would have difficulty with social interactions and responding appropriately to changes in

a work routine.  *Id.*  Ms. Coutu noted on the Medical Source Statement that plaintiff's inability to interact with others without frustration and anger was obvious, he was easily irritated by others, and suspicious of others, and when suspicious, his reaction could be violent.  (Dkt. 11-9, Pg ID 844).

The ALJ purportedly gave Dr. Mills'[2] evaluation great weight in constructing plaintiff's RFC, finding that it was based on a thorough evaluation of the plaintiff and consistent with the objective clinical findings.  (Dkt. 11-2, Pg ID 54).  Nevertheless, the ALJ, without explanation or discussion, ignores a number of Dr. Mills' findings and opinions which arguably run counter to a finding of no disability.  Although the ALJ incorporates some aspects of Dr. Mills' opinions with the restriction to only simple, routine tasks, no contact with the general public, and only incidental contact with coworkers, the decision does not address plaintiff's noted poor concentration, easy distractibility, difficulty maintaining safety standards and work routines and inability to respond appropriately to changes in work routines.  (Dkt. 11-2, Pg ID 52; Dkt. 11-9, Pg ID 838).

The ALJ does not offer a rationale for rejecting or discounting some of Dr. Mills' opinions, nor does he discuss or even mention the opinions not incorporated

---

[2] The ALJ's repeated reference to the consulting examiner as "Dr. Cohn," rather than Dr. Mills seems to be merely scrivener error, as record citations and substantive references align with Dr. Mills' evaluation in the case record.  Moreover, even if this mistake amounted to more than harmless error, the outcome would be the same because the undersigned is recommending remand for other reasons.

in the RFC.  That the ALJ has seemingly ignored portions of the consulting examiner's opinion he otherwise endorsed is particularly troubling in light of other objective findings in the case record that are consistent with the overlooked opinions.  For example, with regard to plaintiff's social interactions, his therapist William Miles, LLMSW,[3] notes that plaintiff is uncomfortable with crowds and easily agitated by perceived disrespect.  (Dkt. 11-9, Pg ID 786).  Mr. Miles opines that plaintiff does not function well with others in general, and notes "marked agitation with negative outbursts."  (Dkt. 11-9, Pg ID 789).  Similarly, Ms. Coutu observed plaintiff's obvious inability to interact with others without frustration and anger, his easy irritation and suspicion of others, and notes that his reaction when suspicious could be violent.  (Dkt. 11-9, Pg ID 844).  Also mirroring the overlooked opinions of Dr. Mills, Mr. Miles' and Ms. Coutu's opinions indicate that plaintiff has moderate difficulties maintaining concentration, persistence and pace, trouble focusing, is often overwhelmed, and would miss four or more days of work per month due to the symptoms or treatment of his impairments.[4]  (Dkt. 11-9, Pg ID 786-89).

The undersigned finds that the ALJ's selection of certain of Dr. Mills'

_____

[3] Notably, the ALJ gave Mr. Miles' report little weight because he found it to be inconsistent with the record as a whole, despite its concurrence with Dr. Mills' assessment.

[4] Mr. Miles' opinion that plaintiff would miss work as a result of his mental health impairments corresponds with Dr. Mills' assessment that plaintiff would have difficulty maintaining work routines due to his mental status. (Dkt. 11-9, Pg ID 838).

opinions without an analysis, discussion, or even mention of his other omitted

opinions, despite support of these omitted opinions by other objective evidence in

the case record, amounts to the improper cherry picking of evidence routinely

rejected by courts in this district. *See Fleischer*, 774 F. Supp. 2d at 881; *see also,

Davis v. Comm'r of Soc. Sec.*, 2011 WL 7330518, at *8 (E.D. Mich. Oct. 27,

2011); report adopted by 2012 WL 511937 (Feb. 16, 2012). Consequently, the

undersigned concludes that this matter should be remanded so that the ALJ can

appropriately consider all of the opinions of the consulting examiner regarding

plaintiff's residual functional capacity. Because this matter is being recommended

for remand for further proceedings, and in the interests of judicial economy, the

undersigned will not consider plaintiff's remaining assignments of error.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **GRANTED**, that defendant's motion

for summary judgment be **DENIED**, that the findings of the Commissioner be

**REVERSED**, and that this matter be **REMANDED** for further proceedings.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 17, 2016                    s/Stephanie Dawkins Davis
                                           Stephanie Dawkins Davis
                                           United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on February 17, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov